NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0044n.06
Filed: January 14, 2008

Case No. 06-6164

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BRIDGEPORT MUSIC, INC., et al., | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| RONDOR MUSIC INT'L, INC., | ) | DISTRICT OF TENNESSEE |
| d/b/a IRVING MUSIC, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: BATCHELDER, COLE, and GRIFFIN, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Kendrick Jeru Davis is a songwriter and performer who performs under the name "Jeru the Damaja," does business as "Perverted Alchemist Music, Inc.," and records music under the label name "Knowsavage Records." In 1994, Jeru entered an exclusive-services agreement with Rondor Music International, Inc. (d/b/a Irving Music, Inc.), which gave Rondor co-ownership in Jeru's copyrights, as well as his publishing revenues, and gave Rondor exclusive authority over those copyrights, among other things.

In September 1999, Jeru released an album titled "Heroz4Hire." On that album, Jeru recorded a song titled "What A Day," in which he sampled another artist's song, titled "It Was A Good Day (Remix)," that was owned by Bridgeport Music, Inc. There is no dispute about this sampling or that "What A Day" infringes on Bridgeport's copyright in "It Was A Good Day (Remix)." Prior to release of "Heroz4Hire," one Mark Spier of Songwriter Services contacted

Bridgeport on behalf of Knowsavage, seeking consent to use the sample. Bridgeport's administrator of copyrights, Jane Peterer, proposed that Jeru could sample in exchange for an 8.9% share in the "What A Day" copyright and acknowledgment on the "Heroz4Hire" label. Spier and Peterer negotiated an agreement, but the agreement was never signed and Bridgeport was not compensated, despite publication of Heroz4Hire and the indisputable sampling of "It Was A Good Day (Remix)."

This case is one of 476 separate cases that were severed from a single (enormous) case initiated May 4, 2001. Bridgeport is the plaintiff; claiming copyright infringement and seeking declaratory judgment of copyright infringement, monetary compensation, and equitable justice. The defendants included Songwriter Services (voluntarily dismissed), Perverted Alchemist Music (dismissed for lack of service of process), Knowsavage Records (deemed liable on entry of default judgment), and Rondor (d/b/a Irving Music, Inc.). Jeru was not named as a defendant.

After discovery, Rondor (the only remaining defendant) moved for summary judgment, claiming that "[t]he evidence is undisputed that Rondor never engaged in any of the purported conduct that is alleged to give rise to Bridgeport's claims." The motion was referred to a magistrate judge, who considered the evidence and arguments, and concluded that "Rondor is simply the wrong defendant for Bridgeport to sue on this limited claim." That is, "based on the undisputed facts, Bridgeport cannot show that Rondor has any connection whatsoever with the album "Heroz4Hire." The district court adopted the magistrate's recommendation and granted summary judgment.

After carefully reviewing the record, the law, and the arguments by counsel, we conclude that the district court's opinion correctly sets out the applicable law and correctly applies that law to the facts contained in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.